IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MORGAN DEAN EDWARD RAINEY, | * | |
| | * | |
| Plaintiff, | | |
| | * | Civil Action No. GLR-26-1646 |
| v. | | |
| | * | |
| EUROFINS LANCASTER LABORATORIES PROFESSIONAL SCIENTIFIC SERVICES, LLC, | * | |
| | * | |
| Defendant. | | |

***

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Eurofins Lancaster Laboratories Professional Scientific Services, LLC's ("Eurofins") Motion to Dismiss Amended Complaint (ECF No. 10). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will grant the Motion to Dismiss.

## I. BACKGROUND

### A. Factual Background[1]

This lawsuit arises from self-represented Plaintiff Morgan Dean Edward Rainey's employment with Defendant Eurofins. Eurofins sent Rainey a conditional offer of employment as a Lab Support Scientist on August 2, 2023. (Am. Compl. at 1, ECF No. 8; see Offer Letter at 1, ECF No. 8-2).[2] Rainey alleges that Eurofins "entered

---

[1] Unless otherwise noted, the Court takes the following facts from the Amended Complaint (ECF No. 8) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[2] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

a service contract with [him]." (Am. Compl. ¶ 5). Rainey relies on the offer letter to allege the existence of a contract.[3] (Id. ¶¶ 6–10). According to Rainey, the offer letter was a "conditional offer for contract work agreed upon between [Rainey] and [Eurofins]." (Id. at 1).

Rainey alleges that Eurofins breached this contract when it changed his work schedule and training-related workdays from what is stated in the offer letter. (Id. ¶ 7). The offer letter states that "[t]he normal work hours for this position are Wednesday – Saturday, 3:00 p.m. – 2:00 a.m., plus additional as needed as workload requires." (Offer Letter at 1). The offer letter also states that during the training period, Rainey's hours would be the same as his "normal shift and schedule" and explains that the first three months of his employment would be considered an "introductory period." (Id.). According to Rainey, however, despite the offer letter describing his "normal work hours" as "Wednesday – Saturday, 3:00 p.m. – 2:00 a.m., plus additional hours as needed," (id.), Eurofins changed his schedule to Sunday through Wednesday, from 3:00 p.m. to 2:00 a.m., (Am. Compl. ¶ 10). Rainey asserts that these changes in his working hours from his normal schedule during the introductory period led to him ultimately receiving a "Final Written Warning and Letter of Separation" from Eurofins. (Id. at 2).

---

[3] Ordinarily, a court may not consider extrinsic evidence when resolving a Rule 12(b)(6) motion. See Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011). But this general rule is subject to several exceptions. For instance, a court may consider documents attached to the complaint, see Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic, see Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006). Here, the offer letter is attached to the Amended Complaint, it is integral to the contract dispute, and its authenticity is undisputed. Therefore, the Court will consider the offer letter in its analysis.

**B. Procedural History**

In February 2026, Rainey filed a Complaint against Eurofins in the Circuit Court for Frederick County, Maryland, alleging a material breach of contract (Count I). (Notice Removal ¶ 1, ECF No. 1; Compl. at 1–2, ECF No. 2). Eurofins removed the action to this Court on April 27, 2026, (ECF No. 1), and on May 4, 2026, it moved to dismiss Rainey's Complaint for failure to state a claim, (ECF No. 5). On May 12, 2026, Rainey filed an Amended Complaint, (ECF No. 8), alleging the same breach of contract claim and requesting damages and attorneys' fees as relief, (Am. Compl. At 5–8).[4] On May 26, 2026, Eurofins moved to dismiss Rainey's Amended Complaint. (ECF No. 10). On June 1, 2026, Rainey filed a Response in Opposition to the Eurofins's Motion. (ECF No. 13). On June 15, 2026, Eurofins filed a Reply.[5] (ECF No. 14).

## II. DISCUSSION

**A. Standard of Review**

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the

---

[4] "When a plaintiff files an amended complaint, it generally moots any pending motions to dismiss because the amended complaint supersedes the original complaint." Carey v. Throwe, No. GLR-18-162, 2019 WL 414873, at *1 (D.Md. Jan. 31, 2019), aff'd, 957 F.3d 468 (4th Cir. 2020). Accordingly, the Court will deny Eurofins's Motion to Dismiss Rainey's original Complaint, (ECF No. 5), as moot.

[5] On June 24, 2026, twenty-three days after filing his Opposition to Eurofins's Motion and nine days after Eurofins filed its Reply, Rainey filed a Memorandum of Law supporting his Opposition. (ECF No. 15). The Court will treat this filing as an unauthorized Surreply. Plaintiffs must seek leave of court to file a surreply. See Local Rule 105.2(a) (D.Md. 2025). Here, Rainey did not seek leave of Court before filing this Surreply, which largely restates the vague and conclusory statements from his Amended Complaint and does not allege any new facts showing that Eurofins breached a contractual obligation. (See generally Mem. L. Supp. Pl.'s Opp'n Mot. Dismiss ["Surreply"], ECF No. 15). The Court, in exercising its discretion, will consider the

applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations

---

Surreply in resolving the Motion to Dismiss because the arguments contained therein do not change the outcome of its analysis and, as such, do not unduly prejudice Eurofins. See Bates v. Coady, No. GLR-26-285, 2026 WL 2880551, at *2 n.4 (D.Md. Sep. 25, 2026); Williams v. Bartee, No. CCB-10-935, 2011 WL 2842367, at *2 (D.Md. July 14, 2011), aff'd sub nom, Williams v. Merritt, 469 F.App'x 270 (4th Cir. 2012).

devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Pleadings drafted by self-represented litigants are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nonetheless, "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" Weller v. Dep't of Soc. Servs. for Balt., 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)). Further, "[t]he Court cannot act as a pro se litigant's 'advocate and develop, sua sponte, statutory and constitutional claims' that the litigant failed to raise on the face of the complaint." Branch v. Machen, No. 3:14-CV-708, 2014 WL 6685497, at *2 (E.D.Va. Nov. 25, 2014) (quoting Newkirk v. Circuit Court of Hampton, No. 3:14-CV-372, 2014 WL 4072212, at *1 (E.D.Va. Aug. 14, 2014)).

## B. Analysis

Rainey asserts that under § 22-701(3)(A) of the Commercial Law Article of the Maryland Code, Eurofins materially breached the contract. (Pl.'s Resp. Opp'n Def.'s Mot. Dismiss ["Opp'n"] at 2, ECF No. 13). Eurofins argues that the Court should dismiss Rainey's Amended Complaint because (1) Rainey failed to allege sufficient facts to support a plausible claim that there was a contractual obligation or a breach of contract; and (2) Rainey's Amended Complaint consists of only conclusory allegations.

(Mem. L. Supp. Def.'s Mot. Dismiss Pl.'s Am. Compl. ["Mot."] at 1–3, 7–14, ECF No. 10-1). For the reasons explained below, the Court will grant Eurofins's Motion.

### 1. Maryland Code, Commercial Law § 22-701 applies only to contracts for the sale of goods.

Citing to § 22-701(3)(A) of the Commercial Law Article of the Maryland Code, Rainey argues that "the language of the agreement, the reasonable expectations of the parties, the standards and practices of the business, trade, or industry, and the character of the breach," are all indications that a material breach of contract occurred. (Opp'n at 2). Rainey asserts that Eurofins's failure to comply with Commercial Law §§ 22-701(b)(2)[6] and (3)(B) has caused him "consequential damages, incidental damages[, and] economic and compensatory damages." (Id.).

---

[6] Commercial Law § 22-701(b) sets forth the requirements for a material breach of contract for the sales of goods (specifically, "computer information transactions," see Md. Code, Com. Law § 22-103(a)). It states:

> (b) A breach of contract is material if:
>
> (1) The contract so provides;
>
> (2) The breach is a substantial failure to perform a term that is an essential element of the agreement; or
>
> (3) The circumstances, including the language of the agreement, the reasonable expectations of the parties, the standards and practices of the business, trade, or industry, and the character of the breach, indicate that:
>
> (A) The breach caused or is likely to cause substantial harm to the aggrieved party; or
>
> (B) The breach substantially deprived or is likely substantially to deprive the aggrieved party of a significant benefit it reasonably expected under the contract.

Md. Code, Com. Law § 22-701(b).

Rainey's claim for breach of contract under § 22-701 fails because that section "only appl[ies] to contracts for the sale of goods." Manigault v. Cap. One, N.A., No. JKB-23-223, 2023 WL 3932319, at *3 (D.Md. June 8, 2023) (alterations in original) (quoting Felder v. MGM Nat'l Harbor, LLC, No. PJM-18-3405, 2019 WL 3860272, at *4 n.2 (D.Md. Aug. 15, 2019)). Here, Rainey's Amended Complaint against Eurofins involves an alleged employment contract, which is a contract for services and not a contract for the sale of goods. (Am. Compl. at 1). Rainey does not allege the existence of a contract for the sale of goods. Therefore, the Court will grant Eurofins's Motion to Dismiss.[7]

**2. Rainey has failed to plead sufficient facts to allege a breach of contract claim.**

Even assuming that Rainey's breach of contract claim was not solely based on § 22-701, Rainey does not plead sufficient facts to allege a breach of contract claim. Under Maryland law, to state a claim for breach of contract, the plaintiff must show that: (1) "the defendant owed [the plaintiff] a contractual obligation"; and (2) "the defendant breached that obligation." Claggett v. Washco Mgmt. Corp., No. GLR-23-2765, 2024 WL 3378220, at *2 (D.Md. July 11, 2024) (quoting All Weather, Inc. v. Optical Sci., Inc., 443 F.Supp.3d 656, 666 (D.Md. 2020)). The plaintiff must also "allege with certainty and definiteness facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by the defendant." Cont'l

[7] In his Surreply, Rainey faults Eurofins for not addressing and opposing his arguments regarding § 22-701. (Surreply at 10). While it is true that Eurofins failed to address Rainey's arguments regarding § 22-701, this failure does not change the outcome here because, as explained above, § 22-701 applies to only contracts for the sale of goods, not to employment contracts. See Manigault v. Cap. One, N.A., No. JKB-23-223, 2023 WL 3932319, at *3 (D.Md. June 8, 2023) (citations omitted).

Masonry Co., Inc. v. Verdel Constr. Co., Inc., 369 A.2d 566, 569 (Md. 1977). A contract is defined as "a promise or set of promises for breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty." Faddis Concrete, Inc. v. Brawner Builders, Inc., No. ELH-15-3975, 2017 WL 4098739, at *5 (D.Md. Sep. 15, 2017) (citation omitted).

Rainey has not pleaded facts that show the existence of a contractual term that prohibited Eurofins from changing his work schedule. Although Rainey asserts that the offer letter created a contractual obligation that Eurofins could not change his "normal work hours," (Am. Compl. ¶ 10), he has not pleaded any facts to support this assertion. For instance, Rainey does not identify any contractual term prohibiting Eurofins from changing or otherwise modifying his work hours from those stated in the offer letter. He does not allege any agreement that the schedule in the offer letter was permanent, and he alleges no facts to show that Eurofins was obligated not to change his schedule or any facts to support his contention that the change was in fact a breach of contract. Instead, he states only, in the most conclusory fashion, that "[t]he language of the agreement, the reasonable expectations of both parties, the standards and practices of business, trade, or industry and the character of the breach indicate a material breach." (Id. ¶ 9). While a plaintiff is not required to plead detailed factual allegations, he must allege sufficient facts beyond "[t]hreadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678; Fed.R.Civ.P. 8(a)(2). That, Rainey has failed to do.

In fact, the plain language of Rainey's offer letter shows that no contractual obligation prohibited Eurofins from unilaterally changing Rainey's work schedule, and it does not otherwise state that the schedule listed in his offer letter was permanent.

Indeed, the offer letter explicitly states that "[t]he normal work hours for this position are Wednesday – Saturday, 3:00 p.m. – 2:00 a.m., plus additional as needed as workload requires," and that "[w]ork assignments and departments may change in response to company needs." (Offer Letter at 1, 3 (emphasis added)). When a court is analyzing an agreement and "the language of the contract is plain and unambiguous there is no room for construction, and a court must presume that the parties meant what they expressed." Calomiris v. Woods, 727 A.2d 358, 363 (Md. 1999) (quoting Gen. Motors Acceptance Corp. v. Daniels, 492 A.2d 1306, 1310 (Md. 1985)). Where—as here—the plain language of the offer letter makes clear that Eurofins could change Rainey's work schedule "in response to company needs" or as "additional workload requires," (see Offer Letter at 1, 3), the Court must adhere to such language. Therefore, the Court will grant Eurofins's Motion to Dismiss Rainey's Amended Complaint.

## III. CONCLUSION

For the foregoing reasons, the Court will grant the Motion to Dismiss (ECF No. 10) without prejudice. A separate Order follows.

Entered this 18th day of November, 2026.

/s/
George L. Russell, III
Chief United States District Judge